IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH,<br>    Plaintiff,<br>  v.<br>CITY OF PHILADELPHIA, et al.,<br>    Defendants. | Civil Action<br>No. 16-5772 |

# ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of the Motion to Dismiss of Defendants, the City of Philadelphia, Sheriff Jewell Williams and Attorney Cynthia Stavrakis, it is **HEREBY ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that all claims against Answering Defendants are **DISMISSED WITH PREJUDICE**.

                   BY THE COURT:

                   _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH, : | |
|           Plaintiff, : | |
| : | Civil Action |
|     v. : | No. 16-5772 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|           Defendants. : | |
| : | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

Defendants, the City of Philadelphia, Sheriff Jewell Williams and Cynthia Stavrakis, ("Answering Defendants") by and through the undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). In support of this motion, Answering Defendants incorporate the attached Memorandum of Law. Answering Defendants respectfully request that this Court dismiss the claims asserted against them.

Date: January 4, 2017

Respectfully submitted,

/s/ Shannon Zabel
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABRAHAM ITUAH,** : | |
|         **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 16-5772** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|         **Defendants.** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF
SUBJECT MATTER JURISDICTION**

    Plaintiff Abraham Ituah seeks to circumvent Third Circuit case law by suing the City of Philadelphia without making any factual allegations regarding a policymaker or a municipal policy or custom. Moreover, Plaintiff's complaint fails to make any factual allegations regarding Sheriff Williams or City attorney Cynthia Stavrakis which plausibly suggest that the Sherriff or Ms. Stavrakis are liable under 42 U.S.C. § 1983. Additionally, Plaintiff seeks to relitigate the issue of proper due process which the state court previously found was satisfied and seeks to vacate the state court's order approving the sheriff's sale, violating the *Rooker-Feldman* doctrine. For these reasons, and as discussed more thoroughly *infra*, the Court should dismiss Plaintiff's claims against the moving Defendants.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    In his complaint, Plaintiff appears to allege that he was deprived of his procedural due process rights because the City of Philadelphia ("City") brought a real estate tax lien action against his property at 3843 Fairmount Avenue in Philadelphia and "failed to delivered [sic] notices

regarding the Judgment, sales of the property…" *See* Complaint at III. C. (Docket No. 1).[1] The state court action that resulted in the sale of Mr. Ituah's property commenced on April 22, 2015, when the City filed a real estate tax lien claim against the owner of the property at 3842 Fairmount Avenue. *See* Ct. Com. Pl. Phila. County, No. 1504T0504 Docket. On May 13, 2015, the Honorable Linda Carpenter issued a Rule "to sell the premises 3843 Fairmount Ave. as fully described in the tax information certificate, by the Sheriff of Philadelphia County because of delinquent real estate taxes . . ." *See id.* The property was then posted on July 5, 2015 and the Affidavit of Posting was filed with the Court on July 9, 2015. *See id.* The Affidavit of Service of the Posting was filed with the Court on August 4, 2015, and certified that all interested parties for the property were served by certified and First class mail on July 20, 2015. *See id.* Plaintiff in this case, Mr. Ituah, did not file a response to the Court's May 13, 2015 Rule, and the Court entered a Decree on August 10, 2015 to sell the property at a sheriff's sale. *See id.*

On September 16, 2015 the property was sold to Dimitrios Dimopoulos. *Id.* On that same day, Mr. Ituah filed a Motion to Set Aside the Tax Sale, arguing that he did not receive proper notice of the sale. *See id.* The City, through attorney Cynthia Stavrakis, filed an Answer to the Motion on October 13, 2015, and Mr. Ituah filed a Reply on October 22, 2015. *See id.* On October 26, 2015, Judge Carpenter denied Mr. Ituah's Motion to Set Aside the Tax Sale. *Id.* Mr. Ituah filed a Motion for Reconsideration on November 17, 2015, which Judge Carpenter denied on

---

[1] This section assumes the truth of the allegations in Plaintiff's Complaint and, in addition, draws on public documents filed of record in the underlying sheriff's sale actions, *City of Philadelphia v. Ituah*, Ct. Com. Pl. Phila. County, No. 1504T0504 Docket. The Court may take judicial notice of these documents and consider them on this motion to dismiss, without converting the defendants' motion into a motion for summary judgment. *See, e.g.*, *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

November 18, 2015.  *Id.*  Mr. Ituah then filed a Motion to Redeem the Premises on December 2, 2015 and City attorney, Ms. Stavrakis, filed an Answer on December 22, 2015.  *Id.*  Judge Carpenter held a hearing on the Motion to Redeem on March 23, 2016.  *Id.*  On March 28, 2016, Judge Carpenter entered an Order denying Mr. Ituah's Motion to Redeem.  *Id.*  Mr. Ituah appealed appeal on September 13, 2016.  *Id.*

Subsequently, Plaintiff filed this federal action on November 7, 2016.  *See* Cmplt. (Docket No. 1).  Plaintiff has named the City of Philadelphia, "Sheriff Department – Jewell Williams"[2] and City attorney Cynthia Stavrakis as defendants in his complaint.  *See id.* at page 1 (caption).  He appears to allege that he was deprived of procedural due process rights under 42 U.S.C. § 1983.

## II.    ARGUMENT

In order to state a claim under § 1983 for deprivation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  In the present case, Plaintiff has failed to sufficiently plead a procedural due process claim against Sheriff

---

[2] The Sheriff's Department does not have an independent corporate existence; therefore, all claims against the Sheriff's Department must be brought in the name of the City.  *See* 53 Stat. § 16257; *Regalbuto v. City of Philadelphia*, 937 F. Supp. 347, 377 (E.D. Pa. 1995) (dismissing claims against Philadelphia police and fire departments); *Griffith v. Philadelphia Prison Systems*, 2001 U.S. Dist. LEXIS 11511, at *2 n.1 (May 18, 2001, E.D. Pa.) (dismissing Philadelphia Prison System as a defendant).  As the City of Philadelphia is already a Defendant in this case, and the Sheriff's Department has no independent corporate existence, the Sheriff's Department should be dismissed from this case with Prejudice.  To the extent that Plaintiff intended to sue Sheriff Jewell Williams, individually, we discuss that claim *infra*.

Williams, Cynthia Stavrakis or the City of Philadelphia.  Additionally, the Court lacks subject matter jurisdiction to hear this matter, as Plaintiff seeks review and rejection of the Pennsylvania state court decision pertaining to and arising out of the sheriff's sale of the property at 3843 Fairmount Avenue in Philadelphia.

### A. Plaintiff Fails to State a Claim Against Sheriff Williams.

The Court should dismiss[3] Plaintiff's claims against Sheriff Williams.  A "defendant in a civil rights action must have personal involvement in the alleged wrongs" of the case, and a complaint must allege such personal involvement "with appropriate particularity."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Plaintiff's complaint contains no factual allegations which plausibly suggest that Sheriff Williams was personally involved in the actions underlying this case.  In fact, the "Facts" section of Plaintiff's form complaint, contains no mention of Sheriff Williams, instead referring exclusively to the Sheriff's Department and its involvement in the sale of the property.  *See* Cmplt. at III. C. (Docket No. 1).  Plaintiff has thus failed to plead personal involvement on the part of Sheriff Williams, and the Court should dismiss all the claims against the Sheriff.

Additionally, Plaintiff's claims against Sheriff Williams fail because the Sheriff has quasi-judicial immunity in this case.  In *Conklin v. Anthou*, 495 F. App'x 257 (3d Cir. 2012), a plaintiff sought to sue the sheriff of York County for his role in carrying out the sale of a property.  *Id.* at

---

[3] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

264. Since the sale was carried out pursuant to a facially valid court order, the Third Circuit held that the sheriff had quasi-judicial immunity from suit. *Id.*

Here, there are simply no factual allegations regarding Sheriff Williams in the Complaint. The thrust of Plaintiff's Complaint appears to refer to the Sheriff's Department's involvement in the sale of the property. *See* Complt. at III. C. However, as discussed in footnote 2, the Sheriff's Department has no independent corporate existence, and thus, all claims against it must be construed against the City, which is already a defendant in the case. Moreover, a sheriff cannot be sued for carrying out his duties pursuant to a court order. *See Conklin*, 495 F. App'x at 264. Therefore, even if Plaintiff had adequately alleged personal involvement on the part of Sheriff Williams, the Sheriff would have immunity from suit, and the Court should dismiss the claims against him with prejudice.

**B. Plaintiff Fails to State a Claim Against Attorney Cynthia Stavrakis**

The Court should also dismiss Plaintiff's claims against Ms. Stavrakis, an attorney employed by the City of the Philadelphia at the time of the incident. Ms. Stavrakis represented the City in its real estate tax lien action against Mr. Ituah's property at 3843 Fairmount Avenue in Philadelphia. Similar to the deficiencies in Plaintiff's Complaint regarding Sheriff Williams, Plaintiff fails to plead that Ms. Stavrakis had any "personal involvement in the alleged wrongs" nor does he allege she had any involvement "with appropriate particularity." *Rode*, 845 F.2d at 1207. Plaintiff badly asserts that Ms. Stavrakis "organized the sale" and "responded to petitions to set aside Sheriff [sic] sale." *See* Doc. 1 at 3. Mr. Ituah does not state, with any particularity, how Ms. Stavrakis allegedly organized the sale of his property, which was ordered by the Court.

Further, the mere fact that Ms. Stavrakis "responded to petitions" does not establish a constitutional violation of Mr. Ituah's rights. Plaintiff fails to allege that Ms. Stavrakis had any

5

personal involvement in a violation of his due process rights to proper notice before the sale.  Ms. Stavrakis first filed an Answer to Mr. Ituah's Motion to Set Aside the Sale on October 13, 2015, well after notice was sent and the Court ordered that the property be sold at a Sheriff's sale.

Finally, Ms. Stavrakis is entitled to qualified immunity, as a government employee.  Qualified immunity shields a government official from federal claims unless it is "beyond debate" that federal right they allegedly violated was "clearly established at the time of the challenged conduct."  *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted) (reversing district court to grant motion to dismiss based on qualified immunity).  A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right."  *See Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (citations and quotations omitted) (emphasis added).  Here, Plaintiff has failed to present any factual allegations against Ms. Stavrakis that would demonstrate a violation of his clearly established rights.  Ms. Stavrakis simply did her job as an attorney representing the City's interests, which included filing responses on the City's behalf.  Accordingly, even if this Court were to find Plaintiff sufficiently pled Ms. Stavrakis' personal involvement in the alleged deprivation of due process rights, she is entitled to qualified immunity which shields her from liability.  Thus, the Court should dismiss Plaintiff's claims against City attorney, Cynthia Stavrakis.

### C.  Plaintiff Fails to State a Claim of Municipal Liability Against the City

The Court should additionally dismiss the municipal liability claim set in Plaintiff's Complaint against the City of Philadelphia   Plaintiff presumably attempts to sue the City under *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978)*,* alleging a violation of his due process rights under 42. U.S.C. § 1983.  *See* Cmplt. at III. C.  In adjudicating *Monell* claims, "courts have

6

recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately allege a *Monell* claim for multiple reasons. First, Plaintiff's complaint simply asserts that the Sheriff's Department and City lawyers sold his property without notice, with no mention of a City municipal policy or custom. Second, Plaintiff fails to make factual allegations regarding the conduct of a municipal policymaker in his complaint.

### 1. Plaintiff's *Monell* Claims Fail Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss the City of Philadelphia from this case because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*. Plaintiff has attempted to plead a municipal liability without offering any factual allegations regarding a policy or custom by the City of Philadelphia.

### 2. Plaintiff's *Monell* Claim Fails Because He Does Not Adequately Allege Conduct by a Municipal Policymaker.

Plaintiff also fails to state a *Monell* claim because his complaint does not allege conduct by a specific policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012)

7

(holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, Plaintiff's complaint fails to set forth any factual allegations about the conduct of such a policymaker. Given the above, the Court should dismiss Plaintiff's complaint against the City. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

## D. The *Rooker-Feldman* Doctrine Bars Plaintiff's Due Process Complaint

In addition to the issues discussed *supra*, Plaintiff's complaint must also be dismissed under Federal Rule of Civil Procedure 12(b)(1)[4], as it is barred by the *Rooker-Feldman* doctrine. In essence, Plaintiff seeks to overturn the state court judgment, which found that the City gave proper notice of the Sheriff's sale to Mr. Ituah under the Municipal Claims and Tax Liens Act ("MCTLA"). The MCTLA governs the method or remedies for the collection of all municipal claims, municipal liens, taxes, tax claims and tax liens in cities of the first class. *See* 53 P.S. §§ 7106, 7112. Section 7193.2(a) of the MCTLA states, in relevant part:

> *In cities of the first class*, notice of a rule to show cause why a

---

[4] Rule 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "A motion under 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." *Gould v. Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

8

> property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners . . . as follows:
> (1) *By posting a true and correct copy of the petition and rule on the most public part of the property*;
> (2) *By mailing by first class mail to the address registered by any interested party* pursuant to section 39.1 of this act a true and correct copy of the petition and rule; and
> (3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.
> Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. § 7193.2(a) (emphasis added).  The City complied with the notice requirements of Section 7193.2(a) by posting the property on July 5, 2015 and filing an Affidavit of Posting with the Court on July 9, 2015.  The City then filed an Affidavit of Service of the Petition with the Court on August 4, 2015, which certified that all interested parties for the property were served by certified mail and First class mail on July 20, 2015.

Section 7193.2(b) states that: "No party whose interest did not appear on a . . . tax information certificate or *who failed to accurately register his interest and address* pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section." 53 P.S. § 7193.2(b) (emphasis added).  The City served Mr. Ituah at 3843 Fairmount Avenue and 5229 Germantown Avenue in Philadelphia, the two addresses that he registered.  The Philadelphia Court of Common Pleas subsequently denied Mr. Ituah's Motion to Set Aside the Tax Salem which was premised on his claim that he was not

9

given proper notice.

This federal action, brought approximately two months after the Superior Court of Pennsylvania denied Plaintiff's state court appeal, seeks to relitigate the very issue the state court previously decided in Mr. Ituah's Motion to Set Aside the Tax Sale: whether Mr. Ituah received proper notice of the sale under the statute. *See* Cmplt. at III. C.  Plaintiff's Complaint also makes clear that he is "ask[ing] the City to return my property," thus vacating the state court's order that the property at 3843 Fairmount Avenue be sold. *Id.* at V. (requesting relief from the Court). However, the *Rooker-Feldman* doctrine "bars from federal consideration cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Conklin*, 495 F. App'x at 261-62 (citations omitted).  The doctrine bars a litigant from obtaining such relief if: "(1) the federal plaintiff lost in state court; (2) the plaintiff complaints of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *See Day v. Florida*, 563 F. App'x 878, 880 (3d Cir. 2014) (citations and internal alterations omitted).

Here, Plaintiff's own pleadings show that a real estate tax lien action was brought against him in state court, *see* Cmplt. at III. B, C., and that the state court in that case entered an order authorizing the sale of 3843 Fairmount Avenue to another individual. *See id*.  Given such facts, Plaintiff cannot ask this Court "to review and reject the state judgment" by returning 3843 Fairmount Avenue to him.  *See Day*, 563 F. App'x at 880.  Thus, the Court should dismiss Plaintiff's complaint in its entirety with prejudice under the *Rooker-Feldman* doctrine.

### III. CONCLUSION

For the foregoing reasons, Defendants, the City of Philadelphia, Sheriff Williams and Cynthia Stavrakis, respectfully request that all claims against them be dismissed with prejudice.

Date:  January 4, 2017                                        Respectfully submitted,


                                                                                    /s/ Shannon Zabel
                                                                                    Shannon Zabel
                                                                                    Assistant City Solicitor
                                                                                    Pa. Attorney ID No. 321222
                                                                                    City of Philadelphia Law Department
                                                                                    1515 Arch Street, 14th Floor
                                                                                    Philadelphia, PA 19102
                                                                                    215-683-5114
                                                                                    shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH,  :  | |
| Plaintiff,  : | |
| : | Civil Action |
| v.  : | No. 16-5772 |
| : | |
| CITY OF PHILADELPHIA, et al.,  : | |
| Defendants.  : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Motion to Dismiss has been served upon the Plaintiff by first class mail, postage prepaid, as follows:

Abraham Ituah
92 Robinson Avenue
Newburgh, New York 12550

Date:  January 4, 2017                                    Respectfully submitted,

/s/ Shannon Zabel
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

12