UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH<br>    Plaintiff<br>  vs.<br>THE CITY OF PHILADELPHIA, SHERIFF DEPARTMENT JEWELL WILLIAMS (PHILADELPHIA), CYNTHIA STARRAKIS (CITY LAWYER), DIMITRIOS DIMOPOULOS (GREEK CITIZEN), COOL SPACES, LLC (FOREIGN THIRD PARTY PURCHASER)<br>    Defendants | Docket No.: 16-5772 |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC'S Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), it is hereby ORDERED and DECREED that the Motion is GRANTED.

It is FURTHER ORDERED that all claim against Answering DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC are DISMISSED WITH PREJUDICE.

BY THE COURT:

_____ J.

PETER GEORGE MYLONAS, ESQUIRE
ID #52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Defendants, Dimitrios Dimopoulos & Cool Spaces, LLC

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH ) Docket No.: 16-5772
    Plaintiff )
  vs. )
THE CITY OF PHILADELPHIA, SHERIFF )
DEPARTMENT JEWELL WILLIAMS )
(PHILADELPHIA), CYNTHIA STARRAKIS
(CITY LAWYER), DIMITRIOS
DIMOPOULOS (GREEK CITIZEN), COOL
SPACES, LLC (FOREIGN THIRD PARTY
PURCHASER)
    Defendants

<u>DEFENDANTS, DIMITRIOS DIMOPOULOS' & COOL SPACES, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND LACK OF SUBJECT MATTER JURISDICTION PURSUANT
TO FEDERAL RULE OF PROCEDURE 12(b)(6) AND 12(b)(1)</u>

1. Moving **DEFENDANT, DIMITRIOS DIMOPOULOS,** by and through his corporate nominee, **COOL SPACES, LLC** was the successful bidder at a Real Estate Tax Sale conducted by the **DEFENDANT,** Sheriff of Philadelphia County pursuant to Court Order as a result of the **DEFENDANT,** City of Philadelphia initiating a Real Estate Tax Lien Action against the **PLAINTIFF,** due to **PLAINTIFF'S** failure to pay real estate taxes, as hereinafter set forth.

2. **PLAINTIFF** in his Complaint, is wrongfully attempting to re-litigate his State Court claim that he was somehow deprived of his procedural due process rights because the **DEFENDANT, CITY OF PHILADELPHIA** brought a Real Estate Tax Lien

Action against **PLAINTIFF'S** property at: 3843 Fairmount Avenue, in the City and County of Philadelphia on April 22, 2015.

3. This case was already adjudicated on the merits by the Court of Common Pleas of Philadelphia under the caption: **City of Philadelphia v. Abraham Ituah, Philadelphia Co. C.C.P., April Term 2015, No. T0504.** A true and correct copy of the underlying State Court Docket is attached hereto, made a part hereof and incorporated herein by reference as **DEFENDANTS' EXHIBIT "A"**.

4. On September 21, 2015, **PLAINTIFF** filed a Motion to Set Aside Tax Sale with the Trial Court and on October 23, 2015, the Trial Court entered an Order denying **PLAINTIFF'S** Motion to Set Aside Tax Sale. (See 10/23/2015 entry on State Court Docket **DEFENDANTS' EXHIBIT "A"**).

5. On November 17, 2015, **PLAINTIFF** filed a Motion for Reconsideration with the Trial Court and on November 19, 2015, the Trial Court entered an Order denying **PLAINTIFF'S** Motion for Reconsideration. (See 11/19/15 entry on State Court Docket **DEFENDANTS' EXHIBIT "A"**).

6. On December 2, 2015, **PLAINTIFF** filed a Motion to Redeem Premises with the Trial Court and on March 28, 2016, the Trial Court entered an Order denying **PLAINTIFF'S** Motion to Redeem Premises. (See 3/28/16 entry on State Court Docket **DEFENDANTS' EXHIBIT "A"**).

7. On April 1, 2016, **PLAINTIFF** filed a Motion for Post Trial Relief with the Trial Court and on April 19, 2016, the Trial Court entered an Order denying **PLAINTIFF'S** Motion for Post Trial Relief. (See 4/19/16 entry on State Court Docket **DEFENDANTS' EXHIBIT "A"**).

8. On April 22, 2016, **PLAINTIFF** filed an Appeal to the Pennsylvania Superior Court which was dismissed by the Superior Court on September 13, 2016. A true and

correct copy of PLAINTIFF'S Appeal to the Pennsylvania Superior Court and the Superior Court's Dismissal of PLAINTIFF'S Appeal are attached hereto, made a part hereof and incorporated herein by reference as DEFENDANTS' EXHIBITS "B" and "C".

9. On September 1, 2016, PLAINTIFF filed an Application for Leave to File a Petition for Allowance of Appeal Nun Pro Tunc with the Pennsylvania Supreme Court, which was <u>denied</u> by the Supreme Court of Pennsylvania on December 29, 2016. A true and correct copy of the Supreme Court of Pennsylvania Court Order, dated December 29, 2016 is attached hereto, made a part hereof and incorporated herein by reference as DEFENDANTS' EXHIBIT "D.

10. Due to the fact that the PLAINTIFF has previously raised the allegations set forth in this Complaint repeatedly not only in the aforesaid State Court Action before the Court of Common Pleas of Philadelphia County, but also with the Pennsylvania Superior Court and the Supreme Court of Pennsylvania, PLAINTIFF is equitably stopped, barred and precluded, pursuant to the **Rooker-Feldman** doctrine and Res Judicata, from relitigating the instant claims in the Federal Courts.

11. In support of this Motion to Dismiss, Answering DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC incorporate the attached Memorandum of Law as if more fully set forth herein at length.

WHEREFORE, DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC request this Honorable Court dismiss PLAINTIFF'S Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

<div style="text-align:right">
Respectfully submitted,
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.

BY: _____
PETER GEORGE MYLONAS, ESQUIRE
Attorney for Defendants, Dimitrios Dimopoulos &
Cool Spaces, LLC
</div>

Dated: 1/13/17

PETER GEORGE MYLONAS, ESQUIRE
ID #52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Defendants, Dimitrios Dimopoulos & Cool Spaces, LLC

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH<br>　　　Plaintiff<br>　vs.<br>THE CITY OF PHILADELPHIA, SHERIFF DEPARTMENT JEWELL WILLIAMS (PHILADELPHIA), CYNTHIA STARRAKIS (CITY LAWYER), DIMITRIOS DIMOPOULOS (GREEK CITIZEN), COOL SPACES, LLC (FOREIGN THIRD PARTY PURCHASER)<br>　　　Defendants | Docket No.: 16-5772 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

**PLAINTIFF** in his Complaint seeks to wrongfully circumvent Third Circuit case law by suing the prevailing Real Estate Tax Sale Bidder, **DIMITRIOS DIMOPOULOS** and his corporate nominee, **COOL SPACES, LLC** without making any factual allegations regarding how the **DEFENDANTS, DIMITRIOS DIMOPOULOS** and **COOL SPACES, LLC** violated **PLAINTIFF'S** civil rights. Moveover, **PLAINTIFF'S** Complaint <u>fails</u> to make any factual allegations regarding the Moving **DEFENDANTS, DIMITRIOS DIMOPOULOS** and **COOL SPACES, LLC** which plausibly suggest that the instant successful Real Estate Tax Sale bidders are liable under 42 U.S.C. § 1983. Additionally, **PLAINTIFF** wrongfully seeks to relitigate the issue of proper due process, which the state Court of Common Pleas of Philadelphia previously found was satisfied and seeks to vacate the state court's order approving the sheriff's sale, violating the

*Rooker-Feldman* doctrine. For these reasons, and as discussed more thoroughly *infra*, the Court should dismiss PLAINTIFF'S claims against the moving DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC.

### I. BACKGROUND AND PROCEDURAL HISTORY

In his Complaint, PLAINTIFF appears to allege that he was deprived of his procedural due process rights because the City of Philadelphia ("City") brought a real estate tax lien action against his property at 3843 Fairmount Avenue in Philadelphia and "failed to delivered [sic] notices regarding the Judgment, sales of the property ...." See Complaint at III. C. (Docket No. 1). The state court action that resulted in the sale of PLAINTIFF'S property commenced on April 22, 2015, when the City filed a real estate tax lien claim against the owner of the property at 3842 Fairmount Avenue. See Ct. Com. Pl. Phila. County, No. 1504T0504 Docket. (See **EXHIBIT "A"** attached hereto). On May 13, 2015, the Honorable Linda Carpenter issued a Rule "to sell the premises 3843 Fairmount Ave. as fully described in the tax information certificate, by the Sheriff of Philadelphia County because of delinquent real estate taxes ..." *See id*. The property was then posted on July 5, 2015 and the Affidavit of Posting was filed with the Court on July 9, 2015. (See **EXHIBIT "A"** attached hereto). The Affidavit of Service of the posting was filed with the State Court on August 4, 2015, and certified that all interested parties for the property were served by certified and First class mail on July 20, 2015. (See **EXHIBIT "A"** attached hereto). PLAINTIFF herein, did not file a response to the State Court's May 13, 2015 Rule, and the State Court entered a Decree on August 10, 2015 to sell the property at a sheriff's sale. (See **EXHIBIT "A"** attached hereto).

On September 16, 2015 the property was sold to the instant Moving DEFENDANT, DIMITRIOS DIMOPOULOS. (See **EXHIBIT "A"** attached hereto). On that same day, PLAINTIFF filed a Motion to Set Aside the Tax Sale, arguing that he did not

receive proper notice of the sale. (See **EXHIBIT "A"** attached hereto). The **DEFENDANT**, City, through **DEFENDANT**, attorney Cynthia Stavrakis, filed an Answer to the Motion on October 13, 2015, and **PLAINTIFF** filed a Reply on October 22, 2015. (See **EXHIBIT "A"** attached hereto). On October 26, 2015, Judge Carpenter denied **PLAINTIFF'S** Motion to Set Aside the Tax Sale. (See **EXHIBIT "A"** attached hereto). **PLAINTIFF** filed a Motion for Reconsideration on November 17, 2015, which Judge Carpenter denied on November 18, 2015. (See **EXHIBIT "A"** attached hereto). **PLAINTIFF** then filed a Motion to Redeem the Premises on December 2, 2015 and **DEFENDANT**, City attorney, **DEFENDANT**, Stavrakis, filed an Answer on December 22, 2015. (See **EXHIBIT "A"** attached hereto). Judge Carpenter held a hearing on **PLAINTIFF'S** Motion to Redeem on March 23, 2016. (See **EXHIBIT "A"** attached hereto). On March 28, 2016, Judge Carpenter entered an Order <u>denying</u> **PLAINTIFF'S** Motion to Redeem. (See **EXHIBIT "A"** attached hereto).

On April 22, 2016, **PLAINTIFF** filed an Appeal to the Pennsylvania Superior Court which was <u>dismissed</u> by the Superior Court on September 13, 2016. A true and correct copy of **PLAINTIFF'S** Appeal to the Pennsylvania Superior Court and the Superior Court's Dismissal of **PLAINTIFF'S** Appeal are attached hereto, made a part hereof and incorporated herein by reference as **DEFENDANTS' EXHIBITS "B"** and **"C"**.

On September 1, 2016, **PLAINTIFF** filed an Application for Leave to File a Petition for Allowance of Appeal Nun Pro Tunc with the Pennsylvania Supreme Court, which was <u>denied</u> by the Supreme Court of Pennsylvania on December 29, 2016. A true and correct copy of the Supreme Court of Pennsylvania Court Order, dated December 29, 2016 is attached hereto, made a part hereof and incorporated herein by reference as **DEFENDANTS' EXHIBIT "D**.

Subsequently, PLAINTIFF filed this federal action on November 7, 2016, *See* Cmplt. (Docket No. 1). PLAINTIFF has wrongfully named the successful bidder at the real estate tax sale, DEFENDANTS, DIMITRIOS DIMOPOULOS and his corporate nominee, COOL SPACES, LLC as the DEFENDANTS in his Complaint. *See id.* at page 1 (caption). He appears to alleged that he was deprived of procedural due process rights under 42 U.S.C. § 1983.

II. ARGUMENT

In order to state a claim under § 1983 for deprivation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alving v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). In the present case, PLAINTIFF has failed to sufficiently plead a procedural due process claim against the successful bidder at the real estate tax sale, DEFENDANT, DIMITRIOS DIMOPOULOS nor his corporate nominee, COOL SPACES, LLC. Additionally, the Court lacks subject matter jurisdiction to hear this matter, as PLAINTIFF improperly seeks review and rejection of the Pennsylvania state court decision pertaining to and arising out of the sheriff's sale of the property at 3843 Fairmount Avenue in Philadelphia.

(A)  Plaintiff Fails to State a Claim Against the Successful Bidder at the Real Estate Tax Sale, DEFENDANTS, DIMITRIOS DIMOPOULOS and his nominee, COOL SPACES, LLC.

The court should dismiss PLAINTIFF'S claims against the successful bidder at the real estate tax sale, DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC. A "defendant in a civil rights action must have personal involvement in

the alleged wrongs" of the case, and a complaint must allege such personal involvement "with appropriate particularity." *Rode V. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, plaintiff's complaint contains no factual allegations which plausibly suggest that the successful bidders at the real estate tax sale, DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC were personally involved in the actions underlying this case. To the contrary, there are simply no factual allegations regarding the successful bidders at the real estate tax sale, DEFENDANTS, DIMITRIOS DIMOPOULOS and COOL SPACES, LLC in the complaint. The thrust of PLAINTIFF'S complaint appears to refer to DEFENDANT, Sheriff's Department's involvement in the sale of the property. *See C*omplt. at III. PLAINTIFF has thus failed to plead personal involvement on the part of the successful bidder at the real estate tax sale, DEFENDANT, DIMITRIOS DIMOPOULOS and his corporate nominee, COOL SPACES, LLC. This Honorable Court should dismiss all the claims against DEFENDANT, DIMITRIOS DIMOPOULOS and his corporate nominee, COOL SPACES, LLC because said DEFENDANTS had no "personal involvement in the alleged wrongs" nor does PLAINTIFF allege DEFENDANT, DIMITRIOS DIMOPOULOS and his corporate nominee, COOL SPACES, LLC had any involvement "with appropriate particularity." *Rode*, 845 F.2d at 1207.

B. The *Rooker-Feldman* Doctrine Bars Plaintiff's Due Process Complaint

In addition to the issues discussed *supra*, PLAINTIFF'S Complaint must also be dismissed under Federal Rule of Civil Procedure 12(b)(1), as it is barred by the *Rooker-Feldman* doctrine. In essence, PLAINTIFF seeks to overturn the state court judgment, which found that the DEFENDANT, City gave proper notice of the DEFENDANT, Sheriff's sale to PLAINTIFF under the Municipal Claims and Tax Liens Act ("MCTLA"). The MCTLA governs the method or remedies for the collection of all municipal claims,

municipal liens, taxes, tax claims and tax liens in cities of the first class. *See* 53 P.S. §§ 7106, 7112. Section 7193.2(a) of the MCTLA states, in relevant part:

> *In cities of the first class*, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under section 31.2 of this act shall be served by the claimant upon owners . . . as follows:
> (1) *By posting a true and correct copy of the petition and rule on the most public part of the property;*
> (2) *By mailing by first class mail to the address registered by any interested party* pursuant to section 39.1 of this act a true and correct copy of the petition and rule; and
> (3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.
> Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. § 7193.2(a) (emphasis added). The **DEFENDANT**, City complied with the notice requirements of Section 7193.2(a) by posting the property on July 5, 2015 and filing an Affidavit of Posting with the Court on July 9, 2015. The **DEFENDANT**, City then filed an Affidavit of Service of the Petition with the Court on August 4, 2015, which certified that all interested parties for the property were served by certified mail and First class mail on July 20, 2015.

Section 7193.2(b) states that: "No party whose interest did not appear on a . . . tax information certificate or *who failed to accurately register his interest and address* pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section." 53 P.S. § 7193.2(b) (emphasis added). The **DEFENDANT**, City served **PLAINTIFF**, at 3843 Fairmount Avenue and 5229 Germantown Avenue in Philadelphia, the two addresses that he

registered. The Philadelphia Court of Common Pleas subsequently <u>denied</u> **PLAINTIFF'S** Motion to Set Aside the Tax Sale which was premised on his claim that he was not given proper notice.

This federal action, brought approximately two months after the Superior Court of Pennsylvania <u>denied</u> **PLAINTIFF'S** state court appeal, seeks to relitigate the very issue the state court previously decided in **PLAINTIFF'S** Motion to Set Aside the Tax Sale: whether **PLAINTIFF** received proper notice of the sale under the statute. *See* Cmplt. at III. C. **PLAINTIFF'S** Complaint also makes clear that he is "ask[ing] the City to return my property," thus vacating the state court's order that the property at 3843 Fairmount Avenue be sold. *Id.* at V. (requesting relief from the Court). However, the *Rooker-Feldman* doctrine "bars from federal consideration cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Conklin*, 495 F. App'x at 261-62 (citations omitted). The doctrine bars a litigant from obtaining such relief if: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *See* <u>Day v. Florida</u>, 563 F. App'x 878, 880 (3d Cir. 2014) (citations and internal alterations omitted).

In the instant Federal Court matter, **PLAINTIFF'S** own pleadings show that a real estate tax lien action was brought against him in state court, *see* Cmplt. at III. B, C., and that the state court in that case entered an order authorizing the sale of 3843 Fairmount Avenue to another individual, the **DEFENDANT, DIMITRIOS DIMOPOULOS** and his nominee, **DEFENDANT, COOL SPACES, LLC**. *See id.* Given such facts, **PLAINTIFF** cannot ask this Court "to review and reject the state judgment" by returning 3843

H

Fairmount Avenue to him. *See Day*, 563 F. App'x at 880. Thus, this Honorable Court should dismiss PLAINTIFF'S Complaint in its entirety with prejudice under the *Rooker-Feldman* doctrine.

### III. CONCLUSION

For the foregoing reasons, **DEFENDANTS, DIMITRIOS DIMOPOULOS** and **COOL SPACES, LLC** respectfully request that all claims against them be dismissed with prejudice.

<div style="margin-left: 40%;">
Respectfully submitted,<br>
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.<br><br>
BY: _____<br>
    PETER GEORGE MYLONAS, ESQUIRE<br>
    Attorney for Defendants, Dimitrios Dimopoulos &<br>
    Cool Spaces, LLC
</div>

Dated: 1/13/17

PETER GEORGE MYLONAS, ESQUIRE
ID #52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Defendants, Dimitrios Dimopoulos & Cool Spaces, LLC

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH<br>      Plaintiff<br>vs.<br>THE CITY OF PHILADELPHIA, SHERIFF DEPARTMENT JEWELL WILLIAMS (PHILADELPHIA), CYNTHIA STARRAKIS (CITY LAWYER), DIMITRIOS DIMOPOULOS (GREEK CITIZEN), COOL SPACES, LLC (FOREIGN THIRD PARTY PURCHASER)<br>      Defendants | Docket No.: 16-5772 |

### CERTIFICATE OF SERVICE

I, PETER GEORGE MYLONAS, ESQUIRE, hereby certify that a true and correct copy of the **DEFENDANTS, DIMITRIOS DIMOPOULOS** and **COOL SPACES, LLC'S** Motion to Dismiss was served by the Court's electronic filing system upon the following:

Abraham Ituah  
92 Robinson Avenue  
Newburgh, NY 12550

Shannon Zabel, Esquire  
Assistant City Solicitor  
1515 Arch Street, 14th Floor  
Philadelphia, PA 19102

LAW OFFICES OF PETER GEORGE MYLONAS, P.C.

BY: _____  
PETER GEORGE MYLONAS, ESQUIRE  
Attorney for Defendants, Dimitrios Dimopoulos & Cool Spaces, LLC

Dated: 1/13/17