# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH (U.S.CITIZEN) ) | Docket No. 16-5772 |
| Plaintiff ) | |
| VS ) | **FILED** |
| THE CITY OF PHILADELPHIA, ) | JAN 2 3 2017 |
| SHERIFF JEWELL WILLIAMS, ) | KATE BARKMAN, Clerk<br>By _____ Dep. Clerk |
| CYNTHIA STAVRAKIS (CITY LAWYER), ) | |
| DIMITROS DIMOPOLOUS (GREEK CITIZEN) ) | |
| COOL SPACES, LLC (FOREIGN THIRD PARTY PURCHASER) | |
| Defendants | |

## PLAINTIFF RESPONSE TO DEFENDANTS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

Plaintiff hereby provide response to Defendants motion to dismiss for failure to state claim and lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6) which was received on January 19, 2017. Defendants knew that Diversity Jurisdiction permits the Federal court to trial this case that was filed for abuse of power and fraudulent misrepresentation by providing false information with intent to prevent Plaintiff from recovering the property the city sold in sheriff sale on September 16, 2015 without service of notices. Plaintiff is a residence of New York State, Defendant Dimitros Dimopolous is a Greek citizen and Cool Spaces registered on October 1, 2015 is a foreign entity.

Therefore, the Federal Court has jurisdiction to trial the case under diversity jurisdiction.

Plaintiff filed this action to seek justice at the Federal Court because the Defendants acted to stripe Plaintiff of the property at all cost. For this reason Defendants made it impossible for Plaintiff to have knowledge of the action while the matter was pending in the court. Defendants claim that Plaintiff complaint suggest that Defendants are liable under 42 U.S.C. 1983 is not the case. Plaintiff claim is that the Defendants knowingly defraud Plaintiff by selling Plaintiff property and improperly transferred the deed quickly to deny Plaintiff of the chance to redeem the property as permitted by the law.

WHEREFORE, Defendants acted to deprive Plaintiff ownership of the property by making sure that Plaintiff would not receive notices about the property in order to sell to the person of their interest. Above, all Defendants had 21 days to answer Plaintiff complaint but failed to do so as required by law. For this reason the motion to dismiss requested by defendants should be denied and enter default judgment against the Defendants for their action as requested on Plaintiff complaint.

Respectfully submitted,

Date 1/22/26/17

Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABRAHAM ITUAH (U.S.CITIZEN)         ) | Docket No. 16-5772 |
| Plaintiff                           ) | |
| VS                                  ) | |
| THE CITY OF PHILADELPHIA,           ) | |
| SHERIFF JEWELL WILLIAMS,            ) | |
| CYNTHIA STAVRAKIS (CITY LAWYER),    ) | |
| DIMITROS DIMOPOLOUS (GREEK CITIZEN) ) | |
| COOL SPACES, LLC (FOREIGN THIRD PARTY PURCHASER) | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF RESPONSE TO DEFENDANTS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff complaint alleges that the role of the Defendants contributed to the unfair decision entered in the state court. Defendants acted to deprive Plaintiff from recovering the property sold at the city sheriff sale by failing to properly serve notices on Plaintiff concerning court actions against the property before the sale. Defendants took every step to prevent plaintiff from recovering the property by responding to Plaintiff motions and Reconsideration petition in favor of Defendant Dimitros Dimopolous their person of interest.

I. BACKGROUND AND PROCEDURAL HISTORY

The city action to sell the property commenced on April 22, 2015 without Plaintiff knowledge and the court action and affidavit of service confirming the property to be sold was on September 11, 2015. Defendant Jewell never notified plaintiff that the sale of Plaintiff property was set for September 16, 2015. Cynthia Stavrakis listed the subject property for sale, arrange for buyer Dimitros Dimopolous (Greek Citizen) to pay $34500 and paid $3,500 as deposit on 9/16/2015. Plaintiff knew about the sale on September 17, 2015 through a city accountant and Plaintiff immediately filed a motion to set aside the sheriff sale on September 21, 2015. Cynthia Stavrakis filed a response to Plaintiff motion on October 13, 2015 at about 5.15pm after official work hour. Cynthia Stavrakis also masterminded the filing of incorporating Cool Spaces LLC registered on October 1, 2015 and transferred the deed to Cool Space LLC without proper procedure and payment. Plaintiff filed a motion to redeem the premises on December 2, 2015. Again,, Cynthia Stavrakis responded on behalf of Defendant Dimitros Dimopolous on December 22, 2015 after work hours. On the day of hearing Cynthia was in the courtroom to discuss with the Presiding Judge and introduced Defendants Consul who presented to me exhibits Defendants wants to introduce. I immediately asked the Judge for continuous to review the exhibits and to allow time for the Defendant to respond to my request for production of document Defendant failed to respond to before hearing. My request was denied. Off the record, the presiding Judge mentioned that she hate to take property from anyone and asked me to discuss with the consul to resolve the issue of redemption but Defendant demanded for $50000 to settle the matter. Meanwhile, the $34,500 was paid to the city.

Defendant Sheriff Jewell-Williams failed to notify Plaintiff about the judgment to sell the property; failed to notify Plaintiff about the sale and the amount of $34,500 it was sold for; agreed to transfer the deed quickly to prevent Plaintiff from redeeming the property. Cool Spaces LLC was registered after the property was purchase and no transfer fee was paid before the transfer of Deed. Office of Jewell-Williams concealed the information and filed fraudulent affidavit to deceive the judge to enter judgment in Defendant Dimitros's favor.

II. ARGUMENT

Plaintiff claim is about Defendants fraudulent action deprived Plaintiff of a prime property located at 3843 Fairmount Avenue within Drexel and Penn University was sold to person of their interest for $34, 500. The city stated that the tax owed was $5,468.01 Plaintiff, have no knowledge of how the money was distributed. The affidavit of service filed was false and malicious. The intention of the Defendants was to deny plaintiff of ownership right. Consequently, Plaintiff is now unable to fulfill all financial obligations and filed Chapter 13 Bankruptcy protection. Plaintiff plans was to sell the subject property to pay the legitimate debtors.

A. SHERIFF JEWELL WILLIAMS

Plaintiff claim is that Defendant Jewell Williams concealed the information plaintiff needed to know in order to prevent the sale of the subject property.

B. CYNYHIA STAVRAKIS, CITY LAWYER

Plaintiff claim against Defendant Cynthia Stavrakis is that the property was simply sold to Defendant Dimitris Dimopolous and masterminded all the steps that favors Defendant Dimitros Dimopolous by responding to motions on Defendant behalf to

keep the property which Plaintiff believe was a conflict of interest and referred a lawyer to the Defendant.

C. LIABILITY AGAINST THE CITY

The city Attorney fails to supervise Defendants against wrongful sales of citizen's property without due process and proper service of notices.

CONCLUSION

For the above reasons, Defendants, City of Philadelphia, Sheriff Williams and Cynthia Stavrakis, masterminded and connived to fraudulently sell Plaintiff's property to a person of their interest. Defendants failed to answer Plaintiff's complaints within 21days allowed by Federal law. Therefore the motion to dismiss should be denied and Default judgment should be entered against all Defendants for failing to provide answer to Plaintiff's complaints as required by law.

Respectfully submitted,

Date 1/23/2017

Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Abraham Itueh
_____
                Plaintiff

          v.

City of Philadelphia et al.,
_____
                Defendant

Civil Action
No. 16-5772

## ORDER

AND NOW, this ____ day of _____, ____, upon consideration of the Motion/Petition _____ _____, and any response thereto, it is ORDERED and DECREED that said Motion/Petition is _____ _____.

_____
_____
_____
_____

BY THE COURT:

_____
                                    J.

## CERTIFICATION OF SERVICE

I, **Abraham Itzeh**, hereby certify that a true and correct copy of the foregoing Motion/Petition and accompanying papers, was served on the below listed addresses by First-Class United States mail, postage pre-paid on **1/23/2017** (date):

Abraham Itzeh (US Citizen)
92 Robinson Ave
Newburgh, NY 12550

The City of Philadelphia
1401 JFK Blvd, 5th floor
Philadelphia PA 19102

Sheriff Jewell Williams
100 S. Broad Street, 5th floor
Philadelphia PA 19110

Cynthia Stavrakis (City Attorney)
1401 JFK Blvd, 5th floor
Philadelphia PA 19102

Dimitros Dimopolous (Greek Citizen)
105 Academy Lane
Broomall, PA 19008

Cool Spaces, LLC
105 Academy Lane
Broomall, PA 19008

Date: 1/23/2017           By: _____